UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERRY L. OUSLEY,            )
                            )
    Plaintiff,              )
                            )
vs.                         )   Case No. 4:09CV1957 HEA
                            )
NEW BEGINNINGS C-STAR, INC.,)
                            )
    Defendant.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Retaliation Claim Alleged pursuant to 42 U.S.C. § 1981, [Doc. No. 32].  Plaintiff has failed to file a response to the Motion.  For the reasons set forth below, the Motion is granted.

## Introduction

Plaintiff's Amended Complaint was brought pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*; and the Civil Rights Act of 1866, 42 U.S.C. § 1981.  Count I of Plaintiff's amended complaint alleges Defendant engaged in acts of discrimination due to Plaintiff's disability. Count II alleges that Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his rights under § 12203 of the ADA; 42 U.S.C. § 1981; and

Mo. Rev. Stat. § 213.070.

On October 14, 2011, the Court granted Defendant's Motion for Summary Judgment as to Plaintiff's ADA claims. The remaining claim, *i.e.*, the § 1981 claim, is the subject of the instant motion.

## **Standard of Review:  Motion to Dismiss**

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at

1949.  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## Discussion

Defendant moves to dismiss because Plaintiff's Amended Complaint contains no allegations of Plaintiff's participation in any protected activity in opposition to employment discrimination on the basis of any one or more of

ancestry, ethnicity or race. A reading of the Amended Complaint establishes that Defendant is correct; the Amended Complaint fails to set forth *any* allegations which would set forth a claim under 42 U.S.C. § 1981. Nowhere within the Amended Complaint does Plaintiff claim that his employment was materially effected in retaliation for his participation in any protected activity on the basis of race, ethnicity and/or ancestry. This complete lack of any factual allegations renders the Amended Complaint deficient under the standards articulated above.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 32], is granted.

Dated this 4th day of November, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE